**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 24-cv-03390-RMR

JOSHUA ABRAMS;

      Plaintiff,

v.

DIVISION OF UNEMPLOYMENT INSURANCE,
JOE BARELA,
JEFF FITZGERALD,
JOHN AND JANE DOE(S),

      Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's Emergency Injunction, ECF No. 8, State Defendants' Motion to Dismiss Amended Complaint [ECF 7, 7-2], ECF No. 33, Plaintiff's Motion for Time Extension, Electronic Service, Appointing Council, & Denial of Pending Dismissal, ECF No. 35, Plaintiff's Second Emergency Motion for Injunctive Relief Regarding Unpaid 2023 Benefits, ECF No. 37, Plaintiff's Notice of Request for Emergency Status conference, ECF No. 44, Plaintiff's Notice of Non-Response and Request for Ruling, ECF No. 45, and Plaintiff's Motion to Leave to Supplement Complaint, ECF No. 49. The Court finds that oral argument would not materially assist in the resolution of these matters. For the reasons stated below, the Court GRANTS State Defendants' Motions to Dismiss for lack of jurisdiction and failure to state a claim, and dismisses

Plaintiff's claims, some with and some without prejudice. The Court also DENIES Plaintiff's requests for injunctive relief. Given the Court's determination that dismissal is warranted, Plaintiff's remaining motions are DENIED as MOOT.

## I.    BACKGROUND

Plaintiff, who appears pro se, filed this action on December 6, 2024 but his claims have evolved over time. Still, the crux of the issue appears to be his frustration, on behalf of himself and others similarly situated, with the Colorado Department of Labor and Employment's ("CDLE") Division of Unemployment Insurance's (the "Division") processing of unemployment benefits. Specifically, Plaintiff believes he is owed $6,000 in outstanding benefits from an unemployment claim in 2023. *See* ECF No. 37 at 1. While the Court is sympathetic to Plaintiff's complaints about the Division's bureaucratic procedures, the Court also recognizes the Division is trying to balance the needs of deserving claimants with the public interest of thwarting fraudulent claims. The Court cannot grant Plaintiff the relief he seeks. To understand why, it is helpful to go through the history of Plaintiff's unemployment claims and the procedural history of this matter.

On March 5, 2023, Plaintiff filed a claim for unemployment benefits. ECF No. 32-3 at 3. On March 30, 2023, Plaintiff attempted to withdraw the claim. *Id.* Plaintiff claims that he was forced to withdraw his application because his out-of-state wages from North Carolina were not being applied. ECF No. 37 at 15. On April 5, 2023, Plaintiff received a letter from the Division stating that his "request to cancel [his] valid initial claim [was] denied [because he] failed to make [the] request within twelve calendar days of the date on which [his] claim was filed." ECF No. 37 at 16. The letter informed Plaintiff on how to

2

appeal the determination. *Id.* According to the Division, Plaintiff appealed the decision to a hearing officer, and the hearing officer affirmed the Division's decision. ECF No. 32-3 at 3. Plaintiff appealed the hearing officer's decision to the Industrial Claims Appeals Office ("ICAO"), and a panel of the ICAO affirmed the hearing officer's decision. *Id.* Plaintiff was notified of his right to appeal the ICAO panel's decision to the Colorado Court of Appeals, but he did not exercise his right to do so. *Id.* at 3-4

Plaintiff received benefit payments from March 2023 to mid-June 2023. *Id.* at 4. Twice in June 2023, the Division placed an "integrity hold" on Plaintiff's claim. *Id.* The Division uses integrity holds to try and detect fraud and prevent payment of fraudulent claims. *Id.* at 2. If an integrity hold is placed on a claim, the Division notifies the claimant and gives them seven days to respond. *Id.* On June 23, 2023, the first integrity hold was placed on Plaintiff's account. *Id.* at 3. Plaintiff provided the requested information that same day, and the hold was released on June 27, 2023. *Id.* On June 26, 2023, the Division placed a second hold on Plaintiff's account. *Id.* Plaintiff failed to provide the requested information, and his benefit payments ceased. *Id.* Plaintiff started reporting income again in the third quarter of 2023. *Id.* He continued reporting income until January 2025. *Id.*

On February 2, 2025, Plaintiff filed a second claim for benefits, perhaps not realizing that the integrity hold from June 2023 was still in place. *See id* at 5. On March 15, 2025, Plaintiff provided the Division with the requested information, and the integrity hold was cleared on March 17, 2025. *Id.* On March 20, 2025, Plaintiff began receiving benefits dating back to February 8, 2025. *Id.*

Plaintiff first filed this action on December 6, 2024, naming the Division as the sole defendant. ECF No. 1. The Court noted an Eleventh Amendment immunity jurisdictional bar and directed the Plaintiff to file an amended complaint addressing the jurisdictional deficiency. ECF No. 4. On February 7, 2025, Plaintiff filed his Amended Complaint, this time including state officials, Joe Barela, Jeff Fitzgerald,[1] and John & Jane Doe(s), as defendants to the action in addition to the Division. ECF No. 7. In his 39-page Amended Complaint, Plaintiff asserts eight claims for relief: 1) a violation of right to petition (First Amendment); 2) violation of due process (Fourteenth Amendment); 3) violation of the American's with Disabilities Act ("ADA"); 4) violation of unenumerated rights (Ninth Amendment); 5) violation of state sovereignty principles (Tenth Amendment); 6) state law claim of negligence; 7) state law claim of intentional and/or negligent infliction of emotional distress; 8) violation of the Colorado Administrative Procedure Act ("APA"). ECF No. 7, 7-2. Plaintiff appears to be attempting to pursue claims under 42 U.S.C. § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Plaintiff alleges he was denied unemployment insurance benefits to which he is entitled under state and federal law, pursuant to defective state administrative procedures, in violation of his Fourteenth Amendment due process rights. ECF No. 7 at 5. He further claims that the Defendant discriminated against him on the basis of a disability, in violation

---

[1] Jeff Fitzgerald is no longer an employee with CDLE. He has not been properly served as an individual in this matter. ECF No. 32 at 1 n.1.

of Title II of the ADA, 42 U.S.C. § 12131, et seq. *Id.* Plaintiff seeks monetary relief, as well as specified declaratory and injunctive relief. ECF No. 7-2 at 27-29.

On February 26, 2025, after he had filed his second claim for unemployment benefits on February 2, 2025, and before the integrity hold was lifted on March 17, 2025, Plaintiff filed an Emergency Injunction seeking a Court order requiring, among other relief, the Division:

- establish a "fully operational telephone service with sufficient staffing to allow claimants to inquire about their claims, with average hold times not exceeding thirty (30) minutes";

- "[i]mplement a callback or appointment scheduling system . . . ensuring claimants can schedule a call with an agent within two (2) business days of their request";

- "provide a secure online messaging system within the unemployment portal, enabling claimants to submit inquiries and receive written responses from an agent within three (3) business days"; and

- "offer alternative communication methods []for claimants with hearing, speech, or other disabilities."

ECF No. 8. On May 12, 2024, Plaintiff filed a Second Emergency Motion for Injunctive Relief Regarding Unpaid 2023 Benefits, requesting, among other relief:

- immediate backpay of the $6,000 of his wrongfully withheld 2023 employment benefits;

- "the creation of an emergency or expedited appeals track for claimants whose claims have remained unresolved for more than 60 days"

- "[r]equire the allocation or hiring of sufficient personnel (estimated at 60 additional staff) to allow for meaningful phone access and call-back functions"

- "allow claimants to prove identity and eligibility without requiring insecure or burdensome digital uploads of sensitive personal documents."

ECF No. 37.

## II.    LEGAL STANDARD

### A.    Pro Se Litigants

Where a party proceeds pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Thus, although courts "make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority,' 'confusion of various legal theories,' 'poor syntax and sentence construction,' or 'unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### B.    12(b)(1)

"To survive a 12(b)(1) motion to dismiss, a plaintiff must demonstrate that the court has subject-matter jurisdiction." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM*

*Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

A Rule 12(b)(1) challenge may take two different forms. "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2013). "When resolving a facial attack on the allegations of subject matter jurisdiction, a court must accept the allegations in the complaint as true." *Graff v. Aberdeen Enters., II, Inc.*, 65 F.4th 500, 507 (10th Cir. 2023) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). "When the moving party attacks the factual basis for subject matter jurisdiction, on the other hand, a court 'may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts.'" *Id.* (quoting *SK Fin. SA v. La Plata Cnty., Bd. of Cnty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997)). In such cases, a court may consider affidavits or other documents to resolve the jurisdictional question. *Id.* (citing *Holt*, 46 F.3d at 1003).

**C.    12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (internal citations omitted).

But the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted). As a result, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Id.* (quoting *Twombly*, 550 U.S. at 556 (internal quotation omitted)).

### D.    Preliminary Injunction

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the movant's favor; and (4) the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 US. 7, 20 (2008)). "[B]ecause a

preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quotations and citation omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), is the "exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

## III.    ANALYSIS

### A.    Denial of Unemployment Benefits

As a threshold matter, this Court lacks jurisdiction to review the denials of unemployment benefits in the state administrative proceedings. Under Colorado law, "[a]ny interested party who is dissatisfied by a hearing officer's decision may appeal that decision and obtain administrative review by the industrial claim appeals office." Colo. Rev. Stat. § 8-74-104(1). Colorado law further provides that any interested party may seek judicial review of any final decision of the industrial claim appeals panel by filing a notice of appeal to the Colorado Court of Appeals. See Colo. Rev. Stat. § 8-74-107.

Defendants argue Plaintiff failed to exhaust his administrative remedies under state law. ECF No. ECF No. 33 at 11-12. Plaintiff responds that his failure to exhaust should be excused because "no adverse, appealable decision was ever issued regarding Plaintiff's 2023 integrity hold." ECF No. 36 at 2. However, the June 26, 2023 integrity hold does not appear to be the issue here. The issue appears to be Plaintiff's attempt to withdraw his 2023 application because it did not account for his wages earned in North Carolina, which he argues would have entitled him to an additional $6,000. Plaintiff twice

appealed that determination but chose not to exercise his right to appeal the decision to the Colorado Court of Appeals. ECF No. 32-3 at 3. Therefore, even if Plaintiff has exhausted administrative remedies and alleged sufficient facts to support a claim for judicial review of the denial of state unemployment benefits, such a claim must be raised in the Colorado Court of Appeals and not in federal district court. *See Smith v. Colorado Dep't of Lab. & Emp.*, No. 13-CV-02946-BNB, 2013 WL 12064463, at *1 (D. Colo. Nov. 1, 2013), *aff'd sub nom. Smith v. Colorado Dep't of Lab. & Empl.*, 559 F. App'x 718 (10th Cir. 2014) (dismissing plaintiff's action challenging the State of Colorado's failure to grant him unemployment benefits because of lack of subject matter jurisdiction). This Court lacks subject matter jurisdiction over Plaintiff's claim to $6,000 in back pay of unemployment benefits.

### B.    Eleventh Amendment Immunity

Defendants argue that the Eleventh Amendment bars Plaintiff's constitutional claims under 42 U.S.C. 1983. ECF No. 33 at 5-11. Plaintiff responds that the Defendants' "invocation of Eleventh Amendment sovereign immunity and the Colorado Governmental Immunity Act ("CGIA") is unavailing" because he "seeks only prospective injunctive relief to remedy ongoing constitutional violations relief that is expressly permitted under Ex Parte Young [sic]." ECF No. 36 at 2.

Sovereign immunity is grounded in the Eleventh Amendment, which grants states sovereign immunity from suit. *See Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021); U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted

against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). This immunity extends "to suits brought by citizens against their own state." *Hendrickson*, 992 F.3d at 965. And it applies not just to suits brought against states themselves but also to "suit[s] against a state official in his or her official capacity." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989). "But *Ex parte Young* created an exception under which individuals can sue state officers in their official capacities if the lawsuit seeks prospective relief for an ongoing violation of federal law." *Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 736 (10th Cir. 2024) (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)).

### 1.    Plaintiff's 42 U.S.C. § 1983 Claims for Damages

Plaintiff brings his claims against the Division and the state official defendants in their individual and official capacities. "It is well-established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The Division exists within the CDLE. *See* Colo. Rev. Stat. § 8-71-101. The CDLE is an official department within the executive branch of the state government of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-121. Colorado law defines the term "agency" to include departments. *See* Colo. Rev. Stat. § 24-3-101. The State of Colorado has not waived its Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Therefore, the Colorado Department of Labor and Employment is protected by Eleventh Amendment immunity. *See Will v.*

*Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). It is also settled law that official-capacity claims under § 1983 for damages against Colorado state employees are barred by the Eleventh Amendment. *See Cleveland v. Martin*, 590 F. App'x 726, 730 (10th Cir. 2014); *Hunt v. Colo. Dep't of Corr.*, 271 F. App'x 778, 780–81 (10th Cir. 2008). As a result, to the extent Plaintiff seeks monetary damages for official-capacity claims against the individual defendants or the Division, those claims should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. *Amin v. Voigtsberger*, 560 F. App'x 780, 783 (10th Cir. 2014). Plaintiff seems to concede as much when he states in his opposition to the motion to dismiss that "monetary damages are pursued solely against individual defendants in their personal capacities under 42 U.S.C. § 1983." ECF No. 36 at 11.

### 2.    Prospective Injunctive Relief

Plaintiff contends that the *Ex parte Young* exception applies to his official capacity claims. *Id.* at 2-3. To determine if the *Ex parte Young* exception applies, the Court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Thus, "plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012).

Plaintiff has nominally met the first two elements. As to the third element, the overriding question is whether the relief sought will "remedy future rather than past

wrongs." *Elephant Butte Irr. Dist. of New Mexico v. Dep't of Interior*, 160 F.3d 602, 611 (10th Cir. 1998) (citation omitted). Here, Plaintiff is seeking back pay of the unemployment benefits from 2023 he believes he is entitled to. He also seeks a Court order requiring the Division take certain steps to improve what he alleges are constitutionally deficient procedures in processing unemployment benefits. The Supreme Court has held that prospective injunctive relief does "not include a retroactive award which requires the payment of funds from the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 677 (1974). The backpay Plaintiff requests would require payment of funds from the Colorado state treasury. Thus, the back pay is not prospective relief subject to the *Ex parte Young* exception.

"With respect to any claims requesting prospective injunctive relief against Defendant[s], federal courts lack jurisdiction to issue writs of mandamus to direct state agencies in the performance of their duties, and are required to abstain from interfering with ongoing agency proceedings under the *Younger* abstention doctrine." *Brackett v. Dep't of Lab. & Unemployment*, No. 21-CV-02876-LTB-GPG, 2021 WL 9385841, at *3 (D. Colo. Dec. 20, 2021), *report and recommendation adopted,* No. 21-CV-02876-LTB-GPG, 2022 WL 4010007 (D. Colo. Mar. 17, 2022) (internal citations omitted) (dismissing plaintiff's complaint seeking unemployment benefits backpay because he failed to provide a clear statement showing that he was entitled to injunctive relief under Fed. R. Civ. P. 8). "Under the *Younger* abstention doctrine, federal courts should not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those

proceedings—when a state forum provides an adequate avenue for relief." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (internal quotation and citation omitted). Thus, this Court does not have jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims alleging violations of the First or Fourteenth Amendments against the Division or the state officials in their official capacity.

### C.   Individual-Capacity Claims Against State Officials

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant personally participated in the alleged deprivation of a constitutional right." *Bertolo v. Benezee*, 601 F. App'x 636, 638 (10th Cir. 2015) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006)). Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a pro se pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).

In his Amended Complaint, Plaintiff states he is suing Defendants Barela and Fitzgerald in their "individual or personal capacities . . . for their in formulating, implementing, and enforcing the policies that have deprived Plaintiff of his constitutional rights." ECF No. 7-2 at 4. Plaintiff attempts to name additional defendants in his opposition to the motion to dismiss. The Court notes that these are the individuals who provided declarations in support of Defendants' Motion to Dismiss. ECF No. 33-1 at 2 (Declaration of Jeff Newcomb), 4 (Declaration of Brandon McClure), 13 (Declaration of David Kimball). Plaintiff's allegations as to what these individual defendants did or failed to do to violate his federal rights are vague and conclusory.

Plaintiff argues that "monetary damages are pursued solely against individual defendants in their personal capacities under 42 U.S.C. § 1983." ECF No. 36 at 10. But Plaintiff does not allege any facts that would establish liability of any of these defendants personally for the Division's decision to deny Plaintiff's claims. *See Pretlow v. McPherson*, 497 F. App'x 846, 847-48 (10th Cir. 2012) (affirming the district court's dismissal of plaintiff's case against the Oklahoma Employment Security Commission's executive director for the denial of unemployment compensation benefits because "[p]laintiff's claims against Defendant in his official capacity were barred by the Eleventh Amendment, while his claims against [the executive director] in his individual capacity failed to state a claim upon which relief could be granted"). Accordingly, claims against the individual defendants in their individual capacities are dismissed for failure to sufficiently plead a constitutional violation.

Defendants also argue that qualified immunity applies here. ECF No. 33 at 13. Under that doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome the defense, "the onus is on the plaintiff to demonstrate (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Surat v. Klamser*, 52 F.4th 1261, 1270–71 (10th Cir. 2022) (quotation marks omitted). To pass scrutiny under the first prong on a Rule 12(b)(6) motion "the plaintiff 'must allege facts sufficient to show (assuming they are true) that the

defendants plausibly violated their constitutional rights.'" *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting Robbins, 519 F.3d at 1249). Courts may address the prongs in any order, *Weise v. Casper*, 593 F.3d 1163, 1167 (10th Cir. 2010), and a failure "to establish either prong of the two-pronged qualified-immunity standard" means "the defendant prevails on the defense." *A.M. v. Holmes*, 830 F.3d 1123, 1134–35 (10th Cir. 2016) (citations omitted).

Here, as described above, the plaintiff failed to plead a constitutional violation against either Defendant Barela or Defendant Fitzgerald. That failure entitles these defendants to qualified immunity. *Montoya v. Vigil*, 898 F.3d 1056, 1064 (10th Cir. 2018) ("[I]f the plaintiff failed to state a claim under Rule 12(b)(6), the government would also be entitled to qualified immunity."). As a result, the Court need not consider whether the rights were clearly established at the time of the challenged conduct. *Holmes*, 830 F.3d at 1134–35. Because the Defendants are entitled to qualified immunity, the Court finds that dismissal of the claims against Defendants Barela and Fitzgerald be with prejudice. *Vreeland v. Olson*, No. 20- cv-02330-PAB-SKC, 2021 WL 4237269, at *5 n.7 (D. Colo. Sept. 16, 2021); *see Lamle v. Eads*, 134 F.4th 562, 567 (10th Cir. 2025) (affirming "dismissal with prejudice because" defendant was "entitled to qualified immunity on the claim for damages").

### D.    Sufficiency of ADA Claim

Title II of the ADA provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

discrimination by any such entity." 42 U.S.C. § 12132. To prove a violation of Title II, a party must therefore establish: (1) that he is a "qualified individual" with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion, denial of benefits, or discrimination was due to his disability. *Barber ex rel. Barber v. Colorado, Dep't of Revenue*, No. 05-CV-00807-REB-CBS, 2005 WL 2657885, at *2 (D. Colo. Oct. 17, 2005), *on reconsideration in part sub nom. Barber v. Colorado Dep't of Revenue*, No. 05-CV-00807-REB-CBS, 2006 WL 469021 (D. Colo. Jan. 4, 2006).

Plaintiff asserts that "Defendant[s'] failure to implement an accessible, reliable remote communication system, combined with its refusal to accommodate Plaintiff's disability by forcing him into unsafe in-person visits, directly contravenes ADA requirements." ECF No. 7-2 at 17. He further asserts "Defendant[s'] reliance on outdated telephone systems and AI-driven call filters has severely limited the range of issues that claimants may raise. . . . preclude[ing] him from challenging the exclusion of his out-of-state wages." *Id.* He alleges he "was entirely excluded from meaningful participation due to CDLE's unworkable processes, forcing unsafe in-person visits as the only available means to address critical errors in his unemployment benefits."

Defendants do not contest that Plaintiff is a qualified individual with a disability. Instead, Defendants argue that Plaintiff has failed to plausibly allege that he was excluded from the Division's (a public entity) services on account of his disability. Defendants argue that Plaintiff was not excluded from the Division's services because he was able to access his unemployment benefits in both 2023 and 2025. ECF No. 33 at 9. Moreover, they allege

that he did not request any accommodations, making it impossible for the Division to refuse to provide accommodations. *Id.* Plaintiff counters that he "documented his disabilities during interactions with Defendants between 2023 and 2025, including through uploaded materials and written references to his need for accommodation, and again throughout this litigation." ECF No. 36 at 6. Plaintiff provides no details about the content of the materials he provided the Division regarding his need for accommodation. Nor does he specify what reasonable accommodation(s) he was seeking. Instead, Plaintiff claims he "was denied meaningful and timely access to unemployment benefits and appeals not by explicit exclusion, but by structural barriers that disproportionately burden disabled persons," including "[n]o system prompts, no agent outreach, and no public notices advis[ing] claimants how or where to seek accommodations, leaving access contingent on navigating an inaccessible and broken call center." ECF No. 36 at 9. This court finds that Plaintiff has failed to state an ADA claim. Simply put, despite all of Plaintiff's verbiage and attempted artful pleading, he has not adequately alleged that there has been any impediment to his access to the Division or his unemployment benefits because of a disability. Instead, he is simply dissatisfied with the determinations made by the Division and frustrated by the forms of communication utilized by the Division. *See Harrington v. Wilson*, No. 05-CV-01858-EWN-MJW, 2006 WL 2724094, at *16 (D. Colo. Sept. 21, 2006), *aff'd and remanded*, 242 F. App'x 514 (10th Cir. 2007) (dismissing plaintiff's ADA claim for failure to state a claim). Thus, Defendant's ADA Claim is dismissed without prejudice.

### E.    Other Claims

Plaintiff does not address his remaining claims for relief in his response to Defendants' motion. Therefore, the Court will deem that they were abandoned and will not expend further judicial resources addressing them. *C1.G on behalf of C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) (affirming the district court's dismissal of plaintiff's claim because "he abandoned it by not addressing it in his response to Defendants' motion to dismiss"). Accordingly, the following claims are dismissed without prejudice: Claim 4 - violation of unenumerated rights (Ninth Amendment); Claim 5 - violation of state sovereignty principles (Tenth Amendment); Claim 6 - state law claim of negligence; Claim 7 - state law claim intentional and/or negligent infliction of emotional distress; and Claim 8 - violation of the Colorado APA.

### F.    Motions for Emergency Injunctions

Finally, the Court addresses Petitioner's motions for emergency injunction. ECF Nos. 8, 37. The Court first addresses Petitioner's likelihood of success on the merits. The Court finds that Petitioner has not demonstrated a likelihood of success on the merits because the Court has already determined that the Court either lacks jurisdiction to grant the requested relief or Plaintiff failed to plausibly state a claim to survive Defendants' motion to dismiss. Because Plaintiff has failed to demonstrate a likelihood of success on the merits, the Court does not address the remaining elements for a preliminary injunction. See *Winter*, 555 U.S. at 23-24 (holding that "[a] proper consideration" of the balance of equities and public interest "alone requires denial of the requested injunctive relief" and, therefore, declining to address the likelihood of success on the merits); *see*

*also Big O Tires, LLC v. Felix Bros., Inc.*, 724 F. Supp. 2d 1107, 1121 (D. Colo. 2010) (declining to address every factor because "the resolution of them will have no bearing on the outcome").

## IV.    CONCLUSION

For the reasons stated above, State Defendants' Motion to Dismiss Amended Complaint, ECF No. 33, is **GRANTED** as follows:

- Plaintiff's claims against the Division are **DISMISSED without PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction;

- Plaintiff's official-capacity claims against all individual Defendants are **DISMISSED without PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction;

- Plaintiff's individual-capacity claims against Defendants Barela and Fitzgerald are **DISMISSED with PREJUDICE** because those defendants are entitled to qualified immunity;

- Plaintiff's ADA claim is **DISMISSED without PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim; and

- Plaintiff's remaining claims are **DISMISSED without PREJUDICE.**

Plaintiff's Emergency Injunction, ECF No. 8, and Second Emergency Motion for Injunctive Relief Regarding Unpaid 2023 Benefits are **DENIED**. Plaintiff's remaining motions, ECF Nos. 35, 44, 45, and 49 are **DENIED as MOOT**.

DATED:  September 2, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge